UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNIE L. ICENOGLE,<br><br>                               Plaintiff,<br>         v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                               Defendant. | CASE NO.  C09-5672RBL<br><br>REPORT AND RECOMMENDATION<br><br> Noted for October 8, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).

This matter has been fully briefed. After reviewing the record, the undersigned finds the ALJ failed to evaluate and discuss all of the significant probative medical evidence related to plaintiff's severe impairments. Accordingly, the undersigned recommends remand to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

# FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Connie Icenogle, was born in 1944; she is currently 66 years old. Tr. 76. She dropped out of high school in the twelfth grade, but later obtained a GED. Tr. 237. She has experience working in many different capacities. Her primary career was working in a property management office, and most recently, plaintiff worked as a temporary assistant at a school classroom and law office. Tr. 101-02. Plaintiff stopped working December 22, 2005, stating she has been unable to work since due to extreme pain. Tr. 101.

On October 12, 2006, plaintiff filed an application for social security disability benefits, alleging that she has been disabled since December 22, 2005. Tr. 43, 76-81. Her application was denied initially and on reconsideration. Tr. 45-47, 49-50. Plaintiff application was subsequently considered by an administrative law judge ("ALJ"), who conducted a hearing on May 19, 2009. Tr. 26-42. On June 10, 2009, the ALJ issued a decision in which he found that plaintiff was not disabled. Tr. 13-25.

Specifically, the ALJ found in relevant part as follows.

(1)    At step-one of the sequential disability evaluation process, plaintiff had not engaged in substantial gainful activity since December 22, 2005, the alleged onset date.

(2)    At step-two, plaintiff had "severe" impairments consisting of the following: degenerative disc disease, lumbar spine, status post forminotomy; chronic pain diagnosed as fibromyalgia; adjustment disorder; and depressed mood.

(3)    At step-three, none of plaintiff's impairments met or medically equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(4)    After step-three but before step-four, the ALJ found that plaintiff retained the capacity to perform sedentary work, except she is capable of standing or walking 2 hours out of an 8-hour workday and sitting 6 hours out of an 8-hour workday. She is capable of occasional

REPORT AND RECOMMENDATION - 2

climbing ramps or stairs, stooping, kneeling, crouching, and crawling.  She should avoid climbing ladders, ropes and scaffolds, exposure to vibrations, hazardous machinery and heights.

(5) At step-four, plaintiff is capable of performing past relevant work as an administrative assistant, human resource assistant, payroll assistant and personnel administrator. Tr. 18-25.

Plaintiff appealed the ALJ's decision, but the Administration's Appeals Council denied plaintiff's request for review.  Tr. 1-12.  As a result, the ALJ's decision is the Administration's final decision.  20 C.F.R. § 416.1481.

Plaintiff subsequently filed the instant matter with the court seeking judicial review of the ALJ's decision.  Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for an award of benefits or, in the alternative, for further administrative proceedings.  Specifically, plaintiff raises the follow five issues in her Opening Brief (Doc. 15):

(a).  The ALJ failed to properly evaluate the medical evidence.

(b).  The ALJ failed to properly evaluate plaintiff's testimony regarding her symptoms and limitations.

(c).  The ALJ failed to properly evaluate lay witness evidence.

(d).  The ALJ improperly determined plaintiff's residual functional capacity.

(e).  The ALJ erroneously found that plaintiff can perform her past relevant work.

(f).  Plaintiff meets the requirements set forth in Medical-Vocational Rule 201.06.

**DISCUSSION**

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir.

REPORT AND RECOMMENDATION - 3

1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.; *see also* Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Here, plaintiff sets forth a number of specific medical records or notes that the ALJ allegedly did not address in his written decision. Plaintiff's Opening Brief (Doc. 15) at 12-16. As noted above, the ALJ is not required to discuss each and every point in the medical record, and the court rejects plaintiff's implied argument that because the ALJ did not discuss that

REPORT AND RECOMMENDATION - 5


evidence, he did not properly consider the medical evidence. The more persuasive argument made by plaintiff is that the ALJ failed to discuss all of the significant probative evidence and in so doing, also failed to properly reject or discount the medical opinions from plaintiff's treating and examining physicians.

In his opinion the ALJ stated that he gave "weight to the claimant's treating and examining physicians" and that the "[r]ecords from her treating and consulting physicians do not support her opinion that she is unable to perform any work activities." Tr. 23. However, the ALJ does not discuss any of the specific treating physicians' records to support these comments.

A review of the treating physician's records reflects the following. Dr. Quintero and Dr. Trotter appear to have had the most contact with plaintiff. In October 2006, Dr. Quintero diagnosed plaintiff with a fibromyalgia and chronic and diffuse pain, osteoporosis; osteoarthritis; and spondylolisthesis of the lumbar spine. Tr. 204. In December 2006, Dr. Quintero additionally diagnosed plaintiff with rotator cuff syndrome and bursitis. Tr. 267. At the time, he treated her with steroid injections in her hip and shoulder. Id. Dr. Quintero examined plaintiff in March 2007, who came to her office with complaints of worsening pain, fatigue, mood swings and insomnia. Tr. 264. Dr. Quintero noted plaintiff takes vicodin to relieve her pain, and confirmed plaintiff had limited range of motion due to her pain. Id.

In July 2007, plaintiff was examined by Dr. Kulik, who also diagnosed chronic low back pain and spondylolisthesis. Tr. 397. He stated, "Pain is quite severe in the lower back and quite debilitating for her functioning." Id. Dr. Kulik referred plaintiff to Dr. Trotter. Tr. 396.

Dr. Trotter appears to have treated and acted as plaintiff's primary physician from that point forward, which included further consultation with Dr. Kulik and plaintiff's back surgery, performed by Dr. Zelaya in November 2008. Dr. Trotter continued to prescribe vicodin and

REPORT AND RECOMMENDATION - 6

morphine over this time period to help plaintiff control her pain. Tr. 348, 391-92. Dr. Kulik administered steroid injections, but ceased doing them as the treatment was not a long term solution to a chronic problem. Tr. 338. In March 2009, after plaintiff's surgery, Dr. Trotter noted plaintiff was still using morphine to control pain in her mid back area due to fibromyalgia and still had pain radiating down her legs. Tr. 303.

It was error for the ALJ not to discuss this significant probative evidence provided by plaintiff's treating and examining physicians. The evidence noted above contradicts the ALJ's finding that the treating and consulting physicians do not support plaintiff's opinion that she is unable to perform any work activities. The above records show treatment over a significant period of time with narcotic drugs and related surgery to help alleviate her pain. The ALJ is required to discuss this evidence. Accordingly, the undersigned recommends remand of this matter to the administration to reconsider the medical evidence.

Plaintiff argues that due to the ALJ's errors in evaluating the medial opinion evidence the court should give full credit those opinions. Remand is necessary in this case to allow the administration to review and reconsider the medical evidence. Reconsideration of the medical evidence will also require the administration to reweigh and reconsider plaintiff's credibility and a reassessment of plaintiff's residual functional capacity. Following that determination the limitations found need to be reconsidered in a vocational context, possibly with the assistance of a vocational expert to help the administration make a determination regarding plaintiff's ability to work given all of her properly evaluated limitations. It is inappropriate to credit the medical opinions as true when the matter needs to be reconsidered in its entirety.

Because this court is recommending that the matter be remanded for further consideration, this court does not make any further recommendation regarding the balance of

REPORT AND RECOMMENDATION - 7

plaintiff's issues, with the expectation that the ALJ will fully evaluate all issues on remand in light of the standards sets forth above.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. Remand for reconsideration of the ALJ's RFC finding, particularly plaintiff's mental limitations, and step-five analysis will necessarily require the administration to reconsider the medical evidence and plaintiff's testimony in their entirety. Accordingly, the other issues presented by plaintiff are essentially moot and were therefore not specifically addressed in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on October 8, 2010, as noted in the caption.

Dated this 14th day of September, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge